GRACEY, JUDGE:
Claimant seeks an award in the amount of $50,000.00 for personal injuries incurred when his 1981 Omni Miser was involved in an accident on West Virginia Route 60/6, Greenbrier County, West Virginia. The accident occurred on February 27, 1986. Claimant alleges that respondent's negligent maintenance of the road was the proximate cause of the accident.
Route 60/6 is also known as Otter Creek Road. It is a dirt and gravel road off of Route 60 and ending at 1-64. During wintertime periods of freezing and thawing, ruts develop in the road from use by a school bus and personal vehicles of some 16 families living along the road. Claimant's home, where he had lived for about 11 years, is about 7/10 of a mile from Route 60. Early in the morning, he had taken five school children out to Route 60 to a Christian school bus stop. He was returning to his home, at about 8:30 a.m., when his accident occurred. He described the road as being about 14 feet wide. He said he had rounded a sharp curve and was going up a gentle hill, at a speed of about 15 to 17 miles per hour, staying out of the ruts, when his wheels slipped into the ruts and the front of his car hit a tree which protruded into the side of the roadway. His car was damaged beyond economical repair. His head hit the rearview mirror, and he suffered a severe scalp laceration. On cross examination, he admitted that he might have been going 20 miles per hour. Respondent's investigator, Claude Blake, testified that the claimant *117 had told him, on July 11, 1986, that he had been travelling 25 miles per hour at the time of his accident.
Claimant and his wife testified of making complaints to respondent concerning the condition of the road during the weeks before the accident.
It is obvious to the Court that Route 60/6 is a secondary road; that primary, more heavily travelled roads, must be given priority in maintenance by respondent; that there is hardly anything which the respondent could have done, in view of time, weather and budget limitations, to alleviate the winter condition of Route 60/6. The Court, therefore, cannot find the respondent negligent. The Court is of the opinion that the claimant was negligent in operating his vehicle at a speed greater than was reasonable under the circumstances then and there existing and that this was the circumstances then and there existing and that this was the proximate cause of his accident and injury.
Claim disallowed.